# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

ROBERT OSBORNE,            )
                           )
    Petitioner,            )
                           )
v.                         )    No. 03-653-CV-W-NKL
                           )
JAMES PURKETT,             )
                           )
    Respondent.            )

## ORDER

Pending before the Court is Petitioner Robert Osborne's pro se Motion for Relief [Doc. # 34]. For the reasons stated below, the Motion is DENIED.

**I.      Background**

Petitioner was convicted in state court of rape on May 7, 1998, and sentenced to twenty-five years' imprisonment as a prior offender. After exhausting state remedies, he brought a § 2254 habeas corpus action in this Court on August 4, 2003. [Doc. # 1]. On January 22, 2004, this Court denied his writ. [Doc. #15]. The decision was upheld by the Court of Appeals on August 26, 2005 [Doc. # 31], and certiorari was denied by the Supreme Court on April 14, 2006. Petitioner filed a motion for review in this Court on September 12, 2012.

Petitioner is confined at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. Named Respondent, James Purkett, is the Superintendent of the Eastern Reception Diagnostic and Correctional Center and is the proper party respondent. *See* 28 U.S.C. § 2254.

1

## II. Discussion

Petitioner brings a Rule 60(b) claim for relief from a final judgment on the basis of a subsequent change in the applicable law. Rule 60(b) provides that a court may relieve a party from a final judgment due to, *inter alia*, mistake, newly discovered evidence, fraud, or any other justifiable reason. Fed. R. Civ. P. 60(b). However, Petitioner's case is more accurately reviewed as a successive habeas petition under 28 U.S.C. § 2244. *See Gonzalez v. Crosby,* 545 U.S. 524, 531, 125 S. Ct. 2641, 2647 (2005) (where a petitioner contends that a subsequent change in substantive law justifies relief under Rule 60(b), "such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly.").

Pro se complaints are to be liberally construed. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981). However, the Court's authority to grant habeas relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which the writ may be granted to a person in custody pursuant to a state court conviction. 28 U.S.C. § 2254(a); *Felker v. Turpin*, 518 U.S. 651, 662, 116 S. Ct. 2333, 2339 (1996). The "gatekeeping" provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs second or successive habeas petitions under § 2254. 28 U.S.C.A. § 2244. "AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain,* 533 U.S. 656, 661, 121 S. Ct. 2478, 2481-82 (2001). Under the AEDPA, any claim presented in a second or successive habeas petition under § 2254 that was presented in a prior application shall be dismissed. 28 U.S.C.A. § 2244(b)(1). Any claim not presented

2

in a prior application shall also be dismissed unless the applicant shows that it relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"; or that the facts on which the claim is based "could not have been discovered previously through the exercise of due diligence," and such facts would clearly and convincingly establish that no reasonable jury would have found the applicant guilty.  28 U.S.C.A. § 2244(b)(2).  Furthermore, before a second or successive application may be filed in district court, the applicant must move for authorization from the appropriate court of appeals and make a "prima facie showing" that the requirements of the successive petition standard were satisfied.  28 U.S.C.A. § 2244(b)(3); *see also Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001).

Petitioner has failed to file a motion for authorization of a second or successive habeas petition in the Court of Appeals.  However, even if Petitioner had filed for authorization with the Court of Appeals, his motion would not be granted, as he has not proved a prima facie case.

### A. Application of *Martinez v. Ryan*

Construing Petitioner's motion liberally, Petitioner claims that the Supreme Court's recent decision in *Martinez v. Ryan* sets out a new rule of constitutional law that is retroactively applicable to Petitioner, and as such his second or successive habeas petition is appropriate.

Under the independent and adequate state grounds doctrine, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule," where that

3

procedural rule is, *inter alia*, "firmly established and consistently followed." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012); *see also Coleman v. Thompson*, 501 U.S. 722, 746-47, 111 S. Ct. 2546, 2563 (1991).  However, a federal court may review the merits in the rare case that "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2565.

In *Martinez v. Ryan*, the Supreme Court expanded what may constitute "cause for the default," holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.  In so doing, the Court recognized a limited exception to *Coleman v. Thompson*, which had held that ineffective assistance of a post-conviction attorney could not constitute cause for a procedural default.  *Coleman*, 501 U.S. at 752, 111 S. Ct. at 2566.  The Court distinguished between attorney errors in initial-review collateral proceedings versus errors in post-conviction proceedings, explaining, "When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim," whereas when counsel errs in post-conviction proceedings, at least "the claim will have been addressed by one court." *Martinez,* 132 S. Ct. at 1316.  The Court held that in the very limited circumstance when state law requires prisoners to raise an ineffective assistance of counsel claim in a collateral proceeding,

> a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*... To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Martinez*, 132 S. Ct. at 1318. In other words, where state law bars a defendant from raising claims of ineffective assistance of trial counsel on direct appeal, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320; *see also Dansby v. Norris*, 682 F.3d 711, 729, *adhered to on denial of reh'g sub nom. Dansby v. Hobbs*, 691 F.3d 934 (8th Cir. 2012).

Under Missouri law, ineffective assistance of counsel claims must first be raised in a Rule 29.15 proceeding. Mo. Sup. Ct. R. 29.15 (stating that "Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court" for ineffective assistance of counsel, among other violations). Furthermore, "any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal," including ineffective assistance of counsel claims. *State v. Clay*, 975 S.W.2d 121, 141 (Mo. 1998); *see also State v. Taylor*, 1 S.W.3d 610, 612 (Mo. Ct. App. 1999) (stating that "[c]laims of ineffective assistance of counsel are not cognizable in a direct appeal," but must be raised first in a Rule 29.15 proceeding.).

5

Interpreting Petitioner's motion liberally, Petitioner argues that his trial counsel was ineffective because, *inter alia*, he failed to discover and present testimony from a witness that could potentially have thrown his guilt into doubt, and that as such the issue was not preserved for appeal. He further argues that his Rule 29.15 counsel was likewise ineffective for, *inter alia*, failing to raise the issue of ineffective assistance of counsel at the trial level. Because ineffective assistance of counsel in collateral proceedings was not considered sufficient cause for procedural default prior to *Martinez*, this claim has never been addressed on the merits by any court.

Missouri's law requiring an ineffective assistance of counsel claim to be raised first in a collateral proceeding mirrors the state law at issue in *Martinez*. As such, were this petitioner's first § 2254 claim, the Court would likely reach the merits of Petitioner's assertion that counsel in the Rule 29.15 proceeding was ineffective and that this caused the procedural default. However, because this is Petitioner's second or successive § 2254 claim, the heightened requirements of the AEDPA must be met before this Court may assess the claim.

**B.    § 2254 Claim**

As noted above, any § 2254 claim not presented in a prior application must be dismissed unless the applicant shows that it relies on a new rule of constitutional law that has been made retroactive by the Supreme Court. *Felker v. Turpin*, 518 U.S. 651, 656 (1996); *Tyler*, 533 U.S. at 662, 121 S. Ct. at 2482. Petitioner must therefore show that the *Martinez* holding constituted a new, retroactively-applicable rule of constitutional law that was not previously available.

6

The Supreme Court has stated that "there can be no dispute that a decision announces a new rule if it expressly overrules a prior decision." *Graham v. Collins*, 506 U.S. 461, 467, 113 S. Ct. 892, 897 (1993). However, the Court in *Martinez* did not formally overrule *Coleman v. Thompson.* Rather, the Court emphasized that its holding merely "modified" or "qualified" *Coleman* "by recognizing a narrow exception." *Id.* at 1315. The Court also stressed that its holding was an "equitable ruling" rather than a "constitutional ruling." *Martinez*, 132 S. Ct. at 1319-20.[1] It explained,

> A constitutional ruling would provide defendants a freestanding constitutional claim to raise; it would require the appointment of counsel in initial-review collateral proceedings; it would impose the same system of appointing counsel in every State; and it would require a reversal in all state collateral cases on direct review from state courts if the States' system of appointing counsel did not conform to the constitutional rule.

*Id.* at 1319. In contrast, the Court explained, the equitable holding of *Martinez* did not impose any of these requirements on the state, but merely permitted a state "to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits in federal habeas proceedings." *Id.* at 1320. Given this explicit language by the court that its ruling did not recognize a constitutional right, it cannot be said that *Martinez* clearly recognized a new rule of constitutional law.

---

[1] Justice Scalia argued in dissent that despite this attempted distinction between equity and constitutionality, the effect of *Martinez* was "a repudiation of the longstanding principle governing procedural default" formulated by *Coleman*. *Martinez*, 132 S. Ct. at 1324 (Scalia dissent). However, Scalia's interpretation cannot be the basis for determining that *Martinez* sets forth a new constitutional rule when the majority emphasized explicitly that its holding was limited and equitable rather than constitutional.

Having addressed the constitutional rule requirement and found it lacking, the Court need not examine whether the holding was retroactively applicable to cases on collateral review.

## III. Conclusion

Because *Martinez* did not set forth a new rule of constitutional law, Petitioner could not have used this case to justify a second or successive habeas petition under § 2254 even if Petitioner had followed § 2244's procedural requirements by applying for authorization in the Court of Appeals. Therefore, Petitioner's Motion is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 14, 2012
Jefferson City, Missouri